# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

WALLIN CALHOUN,

    Plaintiff,

vs.                                                Case No. 4:12cv583-RH/CAS

CATHY RAY,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, a pro se prisoner, initiated this case on November 5, 2012, and filed a civil rights complaint pursuant to 42 U.S.C. § 1983, doc. 1, against Cathy Ray, an Assistant State Attorney in the Second Judicial Circuit. Construed liberally, Plaintiff's complaint alleged that he was subjected to malicious prosecution by the Defendant because the charges against him were dropped. *Id.* at 5. Because Plaintiff did not provide sufficient information to support that claim, he was directed to file an amended complaint. Doc. 7. Plaintiff has now submitted the amended complaint. Doc. 14. This version of the complaint has been reviewed as required by 28 U.S.C. § 1915A.

Plaintiff alleges that on May 3, 2011, he was arrested in case number 2011CF1408. Doc. 14 at 5. Judicial notice is taken that Plaintiff was charged with

battery (FLA. STAT. § 794.011), and lewd or lascivious molestation (FLA. STAT. § 800.045). The case went to trial and Plaintiff was found guilty by jury verdict on June 14, 2012, of lewd and lascivious molestation and was sentenced to 15 years imprisonment. Plaintiff is currently serving that sentence in the Department of Corrections. Plaintiff alleges that six months after being charged in case number 2011CF1408, Defendant Ray brought an additional charge against Plaintiff in case number 2011CF3639. Doc. 15 at 5. Judicial notice is taken that on November 23, 2011, Plaintiff was initially arrested at the Leon County Jail and charged with a "sex offense against child," doc. 4 at 8-9, which was later amended and Plaintiff was charged by Information with lewd or lascivious molestation on November 29, 2011. The state court docket reflects that no bond was allowed in that case. Plaintiff contends that Defendant Ray offered him a plea deal, but he "refused it and told the State [he] would take it to trial." Doc. 14 at 5-6. The case was nolle processed in October 2012.

      To state a § 1983 claim for malicious prosecution, Plaintiff must allege facts to support all six elements of the state law common claim: (1) the commencement or continuation of an original civil or criminal proceeding; (2) the present defendant was the legal cause of that original proceeding; (3) the bona fide termination of the proceeding in favor of the plaintiff; (4) the absence of probable cause for such prosecution; (5) the presence of malice on the part of the present defendant; and (6) damages to the plaintiff because of the proceeding. Kingland v. City of Miami, 382 F.3d 1220 (11th Cir. 2004), *cited in* Blackshear v. City of Miami Beach, 799 F.Supp.2d 1338, 1347 (S.D. Fla. 2011). A plaintiff's inability to satisfy any of the six elements defeats the action. Scozari v. Barone, 546 So.2d 750, 751 (Fla. 2d DCA 1989).

In this case, Plaintiff cannot present facts to support all six elements. In particular, Plaintiff cannot prove damages when case number 2011CF3639 was brought against him because at the time this charge was brought against Plaintiff, he was already in detention at the Leon County Jail because of the charges brought against him in case number 2011CF1408. Plaintiff was arrested at the jail and held without bond. By the time the charge was nolle prossed in October 2012, he had already been convicted in the prior case. Thus, Plaintiff has failed to allege any allegations which reveal he suffered harm because of the second case brought against him. Moreover, Plaintiff has made only conclusory allegations that the Defendant acted with malice in prosecuting him and in claiming there was no probable cause for the charge. Those allegations are insufficient to state a claim and, notwithstanding, Plaintiff suffered no harm considering he was detained on other charges and then incarcerated during the entire time case number 2011CF3639 was active.

**RECOMMENDATION**

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's amended complaint, doc. 14, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the order adopting this report and recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on March 12, 2013.

    S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

Case No. 4:12cv583-RH/CAS